IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED ) <br> CREDITORS OF OWENS CORNING, *et al.,* ) <br> and ) <br> CREDIT SUISSE FIRST BOSTON, as agent to ) <br> the BANK GROUP, ) <br>      Appellants, ) <br>   v. ) <br> ) <br> OFFICIAL COMMITTEE OF ASBESTOS ) <br> CLAIMANTS OF OWENS CORNING, *et al.,* ) <br> ) <br>      Appellee. ) <br> ) | Case No. CA-04-906 (JPF) <br> Case No. CA-04-907 (JPF) |

**APPELLEE'S OPPOSITION TO APPELLENT'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF**

                     Marla R. Eskin (I.D. #2989)
                     Mark T. Hurford (I.D. #3299)
                     Campbell & Levine, LLC
                     800 North King Street
                     Suite 300
                     Wilmington, DE 19899
                     (302) 426-1900

                     Elihu Inselbuch
                     Caplin & Drysdale, Chtd.
                     399 Park Avenue
                     New York, NY 10022
                     (212) 319-7125

                     Peter Van N. Lockwood
                     Julie W. Davis
                     Albert G. Lauber
                     One Thomas Circle, N.W.
                     Washington, D.C. 20005
                     (202) 862-5000

                     Attorneys for the Official Committee
                     of Asbestos Claimants

Dated: May 2, 2005

{D0043423:1 }

Appellee Official Committee of Asbestos Claimants ("ACC") hereby opposes the Motion of Appellant Official Committee of Unsecured Creditors ("OCUC") for leave to file a supplemental brief pursuant to Rule 7.1.2 of this Court's Local Rules of Civil Practice and Procedure.  In support of this opposition, the ACC respectfully shows as follows:

1.	The OCUC filed its opening brief as appellant on August 27, 2004 (Docket No. 9).  The ACC filed its brief as appellee on September 27, 2004 (Docket No. 11).  The OCUC filed its reply brief on October 15, 2004 (Docket No. 18).  Briefing in this case was thus completed more than six months ago.

2.	On December 2, 2004, the Third Circuit rendered its decision in *In re Combustion Engineering, Inc.,* 391 F.3d 190 (3d Cir. 2004).  That opinion reversed an order confirming the Plan of Reorganization for Combustion Engineering, primarily on the ground that the Bankruptcy Court had exceeded its jurisdictional powers under 11 U.S.C. §§ 105 & 524(g) and 28 U.S.C. § 1334(b).

3.	On April 20, 2005, the OCUC filed the instant motion for leave to file a supplemental brief addressing the supposed relevance of *Combustion Engineering* to this case.  The OCUC filed this motion 139 days after the Third Circuit had issued its opinion in *Combustion Engineering*, even though counsel for the OCUC was aware of that opinion as soon as it was issued.

4.	In support of its motion, the OCUC relies on this Court's Local Rule 7.1.2.  That Rule provides: "No additional briefs, affidavits, or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument."

5. The OCUC cannot properly rely on the "except" clause in Local Rule 7.1.2, which permits a party in certain circumstances to make a supplemental filing without seeking leave of Court. That is so for two reasons:

a. The "except" clause is intended to allow parties to bring to the Court's attention recent authority that was unavailable when the briefs were filed. Because *Combustion Engineering* was decided more than four months ago, it hardly qualifies as "recent authority." The OCUC has not explained, much less justified, why it waited 139 days after the Third Circuit issued its opinion in *Combustion Engineering* to bring that opinion to this Court's attention.

b. The "except" clause explicitly states that a party who relies on it may do no more than "briefly discuss" the authority in question. The purpose of this limitation is to ensure that parties do not use such filings as an opportunity to engage in additional argumentation or briefing, in defiance of the Rules governing the timing and page limits for briefs. In consequence, counsel relying on the "except" clause to bring recent authority to the Court's attention typically do so by means of a letter that briefly explains the relevance of the case in question, avoids argumentation, and simply encloses a copy of the new authority. The OCUC proposes to file, not a letter, but a brief. And a 10-page filing, which includes an 8-page "Argument," does not constitute a "brief[] discuss[ion]."

6. The OCUC apparently recognizes that the "except" clause does not authorize its proposed supplemental brief, because it has lodged a motion for leave to file that brief, seeking in this way to overcome the prescription of Local Rule 7.1.2 that "[n]o additional briefs * * * shall be filed without prior approval of the Court." However, the OCUC's motion advances no reason why this Court should grant such approval.

7. A party seeking leave to file a supplemental brief, six months after briefing in the case has been completed, bears a heavy burden to show that the proposed filing is justified. If the *Combustion Engineering* case were actually of critical relevance to the disposition of the instant appeal, it is hard to understand why the OCUC did not bring that opinion to this Court's attention immediately, shortly after the Third Circuit issued its opinion in December 2004. Yet the OCUC waited almost five months before filing its motion, and it has offered no explanation as to why it did not act sooner.

8. In fact, the *Combustion Engineering* opinion has no bearing on the proper disposition of this appeal. This appeal presents three threshold issues, discussed at pages 14-35 of our brief: (1) whether the Bankruptcy Court's order is a "final order" susceptible to appellate review; (2) whether the OCUC has standing to challenge ACC members' choice of counsel; and (3) whether the OCUC's motion to disqualify counsel, filed three years after the ACC was constituted, is barred by waiver because untimely. The *Combustion Engineering* opinion sheds no light whatsoever on the first or third of these questions. The *Combustion Engineering* opinion does address the issue of insurers' appellate standing. *See* 391 F.3d at 214-223. But that discussion, which makes clear that appellate standing is limited to "persons aggrieved," provides no solace to the OCUC here, and it does not contend otherwise.

9. In asserting that the *Combustion Engineering* opinion is "relevant to this appeal" (Motion 2), the OCUC cites statements that the Third Circuit made in the final section of its opinion, where it remanded for further consideration of the "two-trust" structure contemplated by Combustion Engineering's Plan of Reorganization. Under this structure, pre-petition asbestos claimants were to recover from a Settlement Trust, which would pay them up to 95% of the value of their claims; whereas all other, similarly-situated, asbestos claimants were to recover

from a post-bankruptcy § 524(g) Trust, which would pay them a much lower percentage of the value of their claims. The Third Circuit held that a remand was required to consider whether the two-trust structure resulted in "discriminatory treatment" of similarly-situated creditors.

10. This aspect of the *Combustion Engineering* opinion has no relevance to the merits issue presented by this appeal. The OCUC's contention on the merits is that the lawyers who represent the ACC's members must be disqualified because those lawyers also represent other asbestos claimants with different asbestos diseases. There is nothing in the Third Circuit's discussion of the two-trust structure that has the slightest bearing on this issue. The essence of the conflict in *Combustion Engineering* was that the Plan of Reorganization presupposed different monetary payments to creditors who were similarly situated. Nothing remotely resembling that circumstance exists here.

11. If the Court grants the OCUC's motion for leave to file a supplemental brief, the ACC respectfully requests the opportunity to file a response to that brief on the merits.

## CONCLUSION

The OCUC's motion for leave to file a supplemental brief should be denied.

Date: May 2, 2005                                    Respectfully submitted,

By:   /S/ Marla Rosoff Eskin
      Marla R. Eskin (I.D. #2989)
      Mark T. Hurford (I.D. #3299)
      Campbell & Levine, LLC
      800 North King Street, Suite 300
      Wilmington, DE 19899
      (302) 426-1900

      Elihu Inselbuch
      Caplin & Drysdale, Chtd.
      399 Park Avenue
      New York, NY 10022
      (212) 319-7125

Peter Van N. Lockwood
Julie W. Davis
Albert G. Lauber
One Thomas Circle, N.W.
Washington, D.C. 20005
(202) 862-5000

Attorneys for the Official Committee
of Asbestos Claimants